IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01916-BNB

JOHN RAINEY,

    Plaintiff,

v.

[NO DEFENDANTS NAMED],

    Defendants.

ORDER

    This matter is before the Court on the "Motion for Temporary Restraining Order and Preliminary Injunction for Being Denied Due Process of Law, and Access to the Court and D.C. Colo. L. Civ. R. 7.1" (ECF No. 7) filed *pro se* by Plaintiff, John Rainey. The Court must construe the motion liberally because Mr. Rainey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

    Mr. Rainey is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Rainey initiated this action by submitting a letter to the Court (ECF No. 1) complaining about the conditions of his confinement and apparently seeking judicial relief. The instant action was commenced and, on July 19, 2013, Magistrate Judge Boyd N. Boland entered an

order (ECF No. 3) directing Mr. Rainey to cure certain deficiencies within thirty days if he wishes to pursue any claims in this action. Specifically, Magistrate Judge Boland ordered Mr. Rainey to file a Prisoner Complaint and to either pay administrative and filing fees totaling $400.00 or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On August 14, 2013, Magistrate Judge Boland entered a minute order (ECF No. 5) granting Mr. Rainey's request for blank copies of the forms necessary to cure the deficiencies and extending the time to cure the deficiencies.

Mr. Rainey has not cured any of the deficiencies in this action. He alleges in the motion for a temporary restraining order or preliminary injunction that he is seeking a temporary restraining order or preliminary injunction because he is being prevented from exhausting administrative remedies with respect to the claims he intends to raise in this action. Mr. Rainey also requests an extension of time to cure the deficiencies and to be provided with another blank copy of the court-approved Prisoner Complaint form because the prison law library will make only one copy.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The Court finds that Mr. Rainey fails to demonstrate he is entitled to issuance of either a preliminary injunction or a temporary restraining order.  For one thing, Mr. Rainey has not filed a proper pleading in this action that identifies clearly who he intends to sue and that provides a short and plain statement of the specific claims for relief he intends to pursue.  More importantly, Mr. Rainey fails to demonstrate he will suffer immediate and irreparable injury if he is prevented from exhausting administrative remedies.  "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."  *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

For these reasons, the motion for a temporary restraining order or preliminary injunction will be denied.  However, Mr. Rainey will be granted one more extension of time to cure the deficiencies in this action.  The Court will not provide another blank copy of the court-approved Prisoner Complaint form because Mr. Rainey's allegation that the law library will make only one copy does not demonstrate he does not have access to the necessary form.  Accordingly, it is

ORDERED that Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction for Being Denied Due Process of Law, and Access to the Court and D.C. Colo. L. Civ. R. 7.1" (ECF No. 7) is denied.  It is

FURTHER ORDERED that Plaintiff shall have **thirty (30) days from the date of this order** to cure the deficiencies in this action as directed.

DATED at Denver, Colorado, this   3rd   day of        September       , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court